12/18/2008

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE<br><br>DAVID MOORE and<br>LISA T. MOORE,<br><br>      Debtors,<br><br>LISA BUSHMAN,<br><br>      Plaintiff,<br>v.<br><br>DAVID MOORE and<br>LISA T. MOORE,<br><br>      Defendants. | CASE NO. 08-31536-H3-7<br><br><br><br><br><br><br><br>ADV. NO. 08-3162 ✓ |

<u>MEMORANDUM OPINION</u>

      The court has considered the Motion for Summary Judgment (Docket No. 7) filed by the Plaintiff in the above captioned adversary proceeding. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

      David Moore and Lisa Moore ("Debtors" or "Defendants") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on March 5, 2008.

In the instant adversary proceeding, Lisa Bushman ("Plaintiff"), who obtained judgment against Debtors in state court, seeks a determination that the amounts awarded to her by the state court are excepted from discharge for fraud, under Section 523(a)(2)(A) of the Bankruptcy Code. Plaintiff also seeks a declaratory judgment determining that certain real property located in Waller County, Texas is not property of the estate, and is available for execution on Plaintiff's judgment against Debtors.

In the instant motion, Plaintiff seeks summary judgment on both the dischargeability and declaratory judgment claims.

The summary judgment evidence consists of the state court judgment, the state court jury verdict, several orders of the state court, discovery responses, and Defendant Lisa Moore's affidavit.

In its "Final Judgment," the 155th Judicial District Court of Waller County, Texas awarded Plaintiff $126,000 against David Moore for breach of contract damages, $125,000 for fraud damages, $97,373.74 in attorney fees, plus postjudgment interest. The state court awarded Plaintiff $125,000 for fraud damages against Lisa Moore, plus postjudgment interest. The awards of "fraud damages" were based on the state court's determination that the jury found "clear and convincing evidenc that the harm caused to Lisa Bushman Mallery by David Moore and Lisa Moore

resulted from fraud and malice." (Docket No. 7, at p. 8-11).

The jury question addressing fraud is Question No. 8. Question No. 8 asked the jury: "Do you find by clear and convincing evidence that the harm, if any, to Lisa Bushman Mallery resulted from malice and/or fraud." The jury answered yes.

## Conclusions of Law

Under Rule 56(c) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7056, summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

The court draws all justifiable inferences in the nonmovant's favor. See Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505 (1986).

Because the state court judgment was entered by a Texas state court, Texas rules of preclusion apply. Under Texas law, collateral estoppel bars relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit, regardless of whether the second suit is based upon the same cause of action. The elements of collateral estoppel under Texas law are: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior

action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. <u>Matter of Schwager</u>, 121 F.3d 177 (5th Cir. 1997).

If a judgment of a court of first instance is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment is not conclusive with respect to either issue standing alone. <u>Id</u>.

With respect to the instant adversary proceeding, the judgment of the state court recites a jury finding of fraud and malice, though the jury found "fraud and/or malice." The jury finding is ambiguous as to whether the damages should be awarded based on fraud or malice. Although the judgment recites damages based on "fraud and malice," it is rendered ambiguous by the ambiguous jury finding. The court concludes that the state court judgment is not conclusive with respect to the issue of fraud.

With respect to the question of a declaratory judgment, Plaintiff has presented no competent evidence in support of summary judgment.

Based on the foregoing, a separate Judgment will be entered denying the Motion for Summary Judgment (Docket No. 7) filed by the Plaintiff.

DEC 1 8 2008

Signed at Houston, Texas on this _____ day of _____, 2008.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE