

ENTERED
08/18/2010

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE | ) |
| | ) |
| DAVID MOORE and, | ) CASE NO. 08-31536-H3-7 |
| LISA MOORE, | ) |
| | ) |
| Debtors, | ) |
| | ) |
| LISA BUSHMAN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) ADV. NO. 08-3162 |
| | ) |
| DAVID MOORE and | ) |
| LISA MOORE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

<u>MEMORANDUM OPINION</u>

The court has considered the "Motion for Entry of Judgment" (Docket No. 54) filed by the Plaintiff in the above captioned adversary proceeding. The court has also, <u>sua sponte</u>, reconsidered its order (Docket No. 53) abating the "Motion for New Trial under FRBP 9023 for Findings of Fact and Conclusions of Law (Dkt No. 50)" (Docket No. 51), and has considered the "Motion for New Trial under FRBP 9023 for Findings of Fact and Conclusions of Law (Dkt No. 50)" (Docket No. 51). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying both the motion for new trial and the motion for entry of judgment. To the extent any of the Findings of Fact are considered Conclusions of Law, they are

adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

The instant adversary proceeding has traveled a convoluted path.  On March 27, 2009, after the completion of a two day trial, this court entered a judgment determining generally that Debtors' debt to Plaintiff is excepted from discharge, and that an 18 acre tract of real property is not Debtors' exempt property, but rather is property of Davlis Enterprises, Ltd.  (Docket No. 27).  This court set forth findings of fact and conclusions of law relating to the judgment in a memorandum opinion (Docket No. 26).  Although Defendants raised an issue as to whether the conveyance of property from Lisa Moore to Davlis Enterprises, Ltd. was a pretended sale, this court in its Memorandum Opinion of March 27, 2009 did not make express findings and conclusions on that issue.

Defendants appealed this court's judgment, in Civil Action No. 4:09cv1026, and on December 23, 2009, the United States District Court for the Southern District of Texas entered an order.  The order (Docket No. 21, C.A. No. 4:09cv1026) described Defendants/Appellants' brief as a motion, and provided that the motion was granted in part.  The District Court's order remanded to this court, stating that this court "must analyze the status of [Debtors'] homestead exemption and determine whether

the conveyance qualifies as a 'pretend sale.'"  (Docket No. 21, C.A. No. 4:09cv1026, at p. 15).  The District Court's order did not vacate this court's judgment of March 27, 2009.

On January 22, 2010, Defendants filed a notice of appeal of the District Court's judgment to the United States Court of Appeals for the Fifth Circuit.

On January 29, 2010, this court, unaware that Defendants had appealed to the Fifth Circuit, entered Supplemental Findings of Fact and Conclusions of Law (Docket No. 50).  This court's supplemental findings of fact and conclusions of law addressed the questions on which the District Court remanded the instant matter to this court.  After reviewing the evidence submitted at the trial in this adversary proceeding, this court found and concluded that Lisa Moore's conveyance of the property to Davlis Enterprises, Inc. was not a pretended sale.

On February 12, 2010, Defendants filed the "Motion for New Trial under FRBP 9023 for Findings of Fact and Conclusions of Law (Dkt No. 50)" (Docket No. 51).  In response, Plaintiff identified the pending Fifth Circuit appeal, and thus this court entered an order (Docket No. 53) abating consideration of the motion for new trial, pending further order of this court.

On March 17, 2010, the Fifth Circuit dismissed Defendants' appeal, for lack of jurisdiction.

3

On May 19, 2010, Plaintiff filed a motion for entry of judgment in the District Court. (Docket No. 32, C.A. No. 4:09cv1026). The District Court denied the motion, determining that "[t]here was no new appeal filed before the District Court on which an order or judgment could be entered." (Docket No. 35, C.A. No. 4:09cv1026).

In the instant motion for new trial, Defendants assert that, on remand, this court should have considered not only the record at the trial of the instant adversary proceeding, but should have reopened the evidence. Defendants assert two arguments in support of their motion for a new trial. First, they assert that the District Court impliedly reversed this court's judgment, and thus they should have been entitled to a new trial. Second, they assert that because the matter was remanded for this court's determination of the question of a pretended sale, they should have been given a second opportunity to present evidence.[1]

In the instant motion for entry of judgment, Plaintiff seeks entry of a new judgment, asserting that no judgment has been entered.

---

[1] Defendants also assert that this court should not have entered its supplemental findings of fact and conclusions of law while the appeal to the Fifth Circuit was pending.

## Conclusions of Law

Rule 9023 of the Federal Rules of Bankruptcy Procedure provides:

> Except as provided in this rule and Rule 3008, Rule 59 FR Civ P applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after judgment.

Rule 9023, Fed. R. Bankr. P.

Rule 59 of the Federal Rules of Civil Procedure provides:

> (a) In General
>
> > (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows
> >
> > > (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or
> > >
> > > (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.
> >
> > (2) Further Action After a Nonjury Trial. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.
>
> (b) Time to File a Motion for New Trial. A motion for a new trial must be filed no later than 28 days after the entry of judgment.
>
> (c) Time to Serve Affidavits. When a motion for a new trial is based on affidavits, they must be filed with the motion. The opposing party has 14 days after being served to file opposing affidavits. The court may permit reply affidavits.

>   (d)  New Trial on the Court's Initiative or for Reasons Not In the Motion.  No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion.  After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion.  In either event, the court must specify the reasons in its order.
>
>   (e)  Motion to Alter or Amend a Judgment.  A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Rule 59, Fed. R. Civ. P.

A motion for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence.  The motion cannot be used to raise arguments which could and should have been made before the judgment issued.  <u>Simon v. United States</u>, 891 F.2d 1154 (5th Cir. 1990).

In the instant case, the motion for new trial does not establish a manifest error of law or fact, or present newly discovered evidence.  Rather, after the court has ruled, Defendants are seeking a second opportunity to present evidence on a point on which the evidence at trial resulted in a finding against them.  The court concludes that the motion for new trial should be denied.

As to Defendants' contention that the District Court reversed this court's ruling, the District Court has made no final ruling on the question presented to it.  Rather, it has

remanded to this court for further findings and conclusions. This court has made supplemental findings and conclusions, and, to the extent that those supplemental findings and conclusions may have been premature[2] at they time they were entered on the docket in the instant adversary proceeding, they are adopted at this time.[3]

      Moreover, the motion for new trial was not timely. Under Rule 9023, the motion must have been filed within 14 days after entry of the judgment. Instead, the instant motion was filed after appeal.

      As to Plaintiff's motion to enter judgment, this court has previously entered a judgment, on March 27, 2009. That judgment has never been reversed or vacated. Thus, Plaintiff's motion is denied as moot.[4]

---

[2] See In re Transtexas Gas Corp., 303 F.3d 571 (5th Cir. 2002).

[3] A copy of the Supplemental Findings of Fact and Conclusions of Law (Docket No. 50) is appended to the instant Memorandum Opinion.

[4] The history of the instant case (as well as the questions apparently left without final resolution by the District Court) indicate a likelihood that the parties may seek further appeal. To the extent such an appellate court may conclude that the District Court's previous order impliedly reversed or vacated this court's Judgment of March 27, 2009, this court reaffirms its judgment of March 27, 2009, pursuant to Rule 59(a)(2), Fed. R. Civ. P., as made applicable by Rule 9023, Fed. R. Bankr. P., in light of the Supplemental Findings of Fact and Conclusions of Law of January 29, 2010.

Based on the foregoing, a separate Judgment will be entered denying both the "Motion for Entry of Judgment" (Docket No. 54) filed by the Plaintiff in the above captioned adversary proceeding, and the "Motion for New Trial under FRBP 9023 for Findings of Fact and Conclusions of Law (Dkt No. 50)" (Docket No. 51) filed by the Defendants in the above captioned adversary proceeding.

Signed at Houston, Texas on August 18, 2010.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE